UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:15-24726-JLK

ALEJANDRO REQUEIRO SEGUIN,
JONATHAN EDMOND FRAGA, and all
others similarly situated under 29 U.S.C.
216(b),

        Plaintiff,

vs.

BEL CO. LLC d/b/a WINDOW GANG
MIAMI,
JOSE MANUEL BELSOL,

        Defendants.
_____

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants BEL CO. LLC ("Company") and JOSE MANUEL BELSOL ("Belsol") (collectively "Defendants") hereby file their Answer and Affirmative Defenses to Plaintiffs' Complaint, and state:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

   **ANSWER: Defendants admit only that Plaintiffs purport to bring an action arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216 ("FLSA"). Defendants, however, deny any violation of law and further deny that any conduct has occurred that would entitle Plaintiff to any relief.**

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

   **ANSWER: Defendants are without knowledge of these allegations and they are therefore denied.**

3. The Defendant BEL CO. LLC. d/b/a WINDOW GANG MIAMI is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiffs' respective period of employment (the relevant time period).

      **ANSWER:  Defendants admit only that the Company is an entity that regularly transacts business within Miami-Dade County and that it previously employed the Plaintiffs.  The remaining allegations are denied, including the legal conclusions that do not assert facts and for which no response is required.**

4. The individual Defendant JOSE MANUEL BELSOL is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

    **ANSWER:  Defendants admit only that Belsol is a corporate officer of the Company and that he was responsible for paying Plaintiffs' wages during their employment with the Company. The remaining allegations are denied, including the legal conclusions that do not assert facts and for which no response is required.**

5. All acts or omissions giving rise to this dispute took place in Dade County.

    **ANSWER:  Defendants admit only that Plaintiffs purport to allege that venue is proper, which Defendants admit.  Defendants, however, deny any violation of law and further deny that any conduct has occurred that would entitle Plaintiffs to any relief.**

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States.  This case is brought as a collective action under 29 USC 216(b).  It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

    **ANSWER:  Defendants admit only that Plaintiff purports to bring an action arising under the laws of the United States.  Defendants, however, deny any violation of law and further deny that any conduct has occurred that would entitle Plaintiffs, or any allegedly similarly situated employees, to any relief.**

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

    **ANSWER:  Admitted.**

8. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate.."

> **ANSWER:** This paragraph does not contain factual allegations to which a response is required and is therefore denied. Defendants further deny any violation of law and that any conduct has occurred that would entitle Plaintiffs, or any allegedly similarly situated employees, to any relief.

9. Plaintiff ALEJANDRO REQUEIRO SEGUIN worked for Defendants as a window washer from on or about December 15, 2014 through December 22, 2015.

    **ANSWER:** Defendants admit only that Plaintiff Seguin worked for the Company as a window washer from on or about January 16, 2015 through on or about December 22, 2015. The remaining allegations are denied.

10. Plaintiff JONATHAN EDMOND FRAGA worked for Defendants as a window washer from on or about December 1, 2014 through December 22, 2015.

    **ANSWER:** Defendants admit only that Plaintiff Fraga worked for the Company as a window washer from on or about January 16, 2015 through on or about May 28, 2015 and then again from on or about November 11, 2015 through on or about December 22, 2015. The remaining allegations are denied.

11. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

    **ANSWER:** This paragraph does not contain factual allegations to which a response is required and is therefore denied. To the extent a response is required, the allegations are denied. Defendants further deny any violation of law and that any conduct has occurred that would entitle Plaintiffs, or any allegedly similarly situated employees, to any relief.

12. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

    **ANSWER:** This paragraph does not contain factual allegations to which a response is required and is therefore denied. To the extent a response is required, the allegations are denied. Defendants further deny any violation of law and that any conduct has occurred that would entitle Plaintiffs, or any allegedly similarly situated employees, to any relief.

13. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2013 through 2014.

    **ANSWER: Admitted.**

14. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $375,000 for the first nine months of the year 2015 and is expected to exceed $500,000 for the year 2015.

    **ANSWER: Denied.**

15. Between the period of on or about December 15, 2014 through December 22, 2015, except for the last week, Plaintiff ALEJANDRO REQUEIRO SEGUIN worked an average of 48 hours a week for Defendants and was paid an average of $10.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

    **ANSWER: Denied.**

16. For the last week, between the period of on or about December 15, 2014 through December 22, 2015, Plaintiff ALEJANDRO REQUEIRO SEGUIN worked an average of 48 hours a week for Defendants and was never paid anything at all for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff ALEJANDRO REQUEIRO SEGUIN therefore claims the time-and-a-half overtime rate based on the applicable minimum rate for each hour worked above 40 in a week.

    **ANSWER: Denied.**

17. Between the period of on or about December 1, 2014 through December 12, 2015, except for the last week, Plaintiff JONATHAN EDMOND FRAGA worked an average of 48 hours a week for Defendants and was paid an average of $10.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

    **ANSWER: Denied.**

18. For the last week, between the period of on or about December 1, 2014 through December 22, 2015, Plaintiff JONATHAN EDMOND FRAGA worked an average of 48 hours a week for Defendants and was never paid anything at all for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff JONATHAN EDMOND FRAGA SEGUIN therefore claims the time-and-a-half overtime rate based on the applicable minimum rate for each hour worked above 40 in a week.

    **ANSWER:    Denied.**

19. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

**ANSWER:   Denied.**

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs requests a trial by jury.*

**ANSWER:   Plaintiffs' "Wherefore" clause is not a factual allegation to which a response is required.  To the extent that a response is required, Defendants deny any and all liability and further deny that Plaintiffs, or any allegedly similarly situated employees, is entitled to any of the relief that he seeks from Defendants in this unnumbered paragraph.  Defendants admit that Plaintiffs request a jury trial on the claims asserted in the Complaint, but deny all liability.**

### COUNT II. FEDERAL MINIMUM WAGE VIOLATION

COMES NOW PLAINTIFFS, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-19 above and further states:

**ANSWER:  Defendants readopt each and every response to Paragraphs 1 through 19 above.**

20. 29 U.S.C. § 206 (a) (1) states "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

**ANSWER:  This paragraph does not contain factual allegations to which a response is required and is therefore denied. Defendants further deny any violation of law and that any conduct has occurred that would entitle Plaintiffs, or any allegedly similarly situated employees, to any relief.**

21. For the last week, between on or about December 15, 2014 through December 22, 2015, Plaintiff ALEJANDRO REQUEIRO SEGUIN worked an average of 48 hours a week for the Defendants. Plaintiff was never paid anything at all for any hours worked in violation of the Fair Labor Standards Act as said payment of $0/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claim the difference between his average hourly rate of $0/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

    **ANSWER:  Denied.  Defendants further deny any violation of law and that any conduct has occurred that would entitle Plaintiffs, or any allegedly similarly situated employees, to any relief.**

22. For the last week, between on or about December 1, 2014 through December 22, 2015, Plaintiff JONATHAN EDMOND FRAGA SEGUIN worked an average of 48 hours a week for the Defendants. Plaintiff was never paid anything at all for any hours worked in violation of the Fair Labor Standards Act as said payment of $0/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claim the difference between his average hourly rate of $0/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

    **ANSWER:  Denied.**

23. The Defendants wage payment practices to Plaintiffs for this time period did not meet the federal minimum wage law requirements as Plaintiffs was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

    **ANSWER:  Denied.**

24. Defendants willfully and intentionally refused to pay Plaintiffs' minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

    **ANSWER:   Denied.**

Wherefore, Plaintiffs requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiffs' entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

**ANSWER:** Plaintiffs' "Wherefore" clause is not a factual allegation to which a response is required. To the extent that a response is required, Defendants deny any and all liability and further deny that Plaintiffs, or any allegedly similarly situated employees, is entitled to any of the relief that he seeks from Defendants in this unnumbered paragraph. Defendants admit that Plaintiffs request a jury trial on the claims asserted in the Complaint, but deny all liability.

## GENERAL DENIAL

Defendants deny each and every allegation of fact, conclusion of law, or other matter contained in Plaintiffs' Complaint that has not been expressly admitted above and denies that Plaintiffs are entitled to any relief requested in Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

1. At all times relevant to this action, Plaintiffs were not and are not entitled to overtime pay because they were and are exempt from the federal overtime compensation requirements by virtue of the exemptions contained in the FLSA, including but not limited to the Section 7(i) exemption.

2. To the extent it is determined that Belsol did not have operational control of the Company, Belsol is not a proper defendant under the FLSA.

3. Plaintiffs' claims for overtime wages fail as a matter of law either because Plaintiffs have not worked any overtime hours in a workweek or, for any workweek in which they worked overtime hours, they were fully and properly paid for all overtime hours worked.

4. Plaintiffs' claims fail because Plaintiffs were at all times fully compensated for all hours worked.

5. To the extent that Plaintiffs and/or those individuals alleged to be "similarly-situated" to Plaintiffs worked overtime hours without the actual or constructive knowledge of Defendants, Plaintiffs and such individuals are not entitled to compensation for any such overtime hours worked.

7

6. To the extent that Plaintiffs and/or any alleged similarly situated individuals seek relief outside the actionable limitations period of the FLSA, the relief sought is barred.

7. Neither Plaintiffs nor those individuals alleged to be "similarly-situated" to Plaintiffs have established, nor can they establish, a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

8. At all relevant times, Defendants acted in good faith in conformity with and in reliance on administrative regulations, orders, rulings and/or interpretations of any agency of the United States or the administrative practice or enforcement policy of any such agency.

9. In the event that Plaintiffs establish their allegations for liquidated damages, they are not entitled to pre-judgment interest.

10. To the extent that Defendants are indebted to Plaintiffs and/or any alleged similarly situated individuals (which Defendants deny), the extent of Defendants' liability must be offset by the amounts paid to Plaintiff and such individuals during their employment and by applicable deductions.

11. To the extent Defendants' alleged overtime liability is *de minimis*, claims for such amounts are not subject to payment and do not constitute violations of the FLSA.

12. Plaintiffs have not and cannot establish the necessary elements to bring a collective/class action.

13. Plaintiffs' complaint fails to allege facts sufficient to certify a collective action, and this matter is not properly brought as a collective action.

14. This case is not suitable for a collective action because Plaintiffs are not similarly situated to the other members of the purported collective action.

15. Defendants are entitled to and will seek to recover their attorneys' fees from Plaintiffs. Defendants have retained the undersigned attorneys and have agreed to pay them a reasonable fee for their services.

Defendants reserve the right to amend this Answer and to assert such additional defenses as may appear applicable during the course of litigation.

WHEREFORE, Defendants respectfully requests that: (i) judgment be entered in their favor and against Plaintiffs as to the claims set forth in the Complaint, (ii) Defendants be entitled to recover their reasonable attorneys' fees and costs incurred in connection with the defense of this action as allowable by law, and (iii) for such further relief as this Court deems just and proper.

        Respectfully submitted,

        STEARNS WEAVER MILLER WEISSLER
         ALHADEFF & SITTERSON, P.A.
        *Attorneys for Defendants*
        Suite 2200 - Museum Tower
        150 West Flagler Street
        Miami, Florida 33130
        Telephone:  (305) 789-3200
        Facsimile:   (305) 789-3395

        By:  s/ BAYARDO E. ALEMAN
             BAYARDO E. ALEMAN
             Fla. Bar No.28791
             baleman@stearnsweaver.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of February, 2016 the foregoing document was served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ BAYARDO E. ALEMAN
BAYARDO E. ALEMAN

**SERVICE LIST**

J.H. Zidell, Esq.
Fla. Bar No.: 0010121
ZABOGADO@AOL.COM
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida  33141
Tel: (305) 865-6766
Fax: (305) 865-7167

*Attorney for Plaintiff*